09-1520-pr
Day v. Lantz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

PRESENT:
>           WILFRED FEINBERG,
>           ROBERT A. KATZMANN,
>                     *Circuit Judges*,
>           T.S. ELLIS, III, *
>                     *District Judge*.

---

Jason M. Day,

>           *Plaintiff-Appellant*,

>           v.                                                09-1520-pr

Theresa C. Lantz, Comm.; Edward Blanchette, MD, Clinical Dir.;
Ricardo Ruiz, Facility MD; Scott Stephenson, Facility Mental
Health Worker; Castro, MD Garner Facility; Patricia Ottolini,
Dir. Health and Addiction Svcs.; Nasir Kahn, MD, UConn Surgeon;
John Doe, Utilization Review Committee,

>           *Defendants-Appellees*.

---

*T.S. Ellis, III, Senior Judge, of the United States District Court for the Eastern District of Virginia, sitting by designation.

FOR APPELLANT:          Jason M. Day, *pro se*, Cheshire, CT.

FOR APPELLEES:          Richard Blumenthal, Attorney General for the State of
                        Connecticut (Neil Parile, Assistant Attorney General, *on the
                        brief*), Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Jason Mourice Day, *pro se*, appeals from a judgment of the district court granting summary judgment to the Defendants, employees of the Connecticut Department of Correction, and dismissing Day's 42 U.S.C. § 1983 complaint, which alleged deliberate indifference to a serious medical need in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The only decision Day challenges on appeal is the district court's order granting summary judgment, entered March 26, 2009, and he has therefore waived any challenge to the district court's prior orders in this litigation. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se* . . . .").

We review a district court's order granting summary judgment *de novo* and ask whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff &*

*Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

The district court properly determined that the Defendants were entitled to judgment as a matter of law because Day failed to establish that any of the Defendants was deliberately indifferent to a serious medical need. The deliberate indifference standard includes both an objective and a subjective component: objectively, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists," and subjectively, "the charged official must act with a sufficiently culpable state of mind," which is more than mere negligence and akin to criminal recklessness. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). The official "must be subjectively aware that his conduct creates" a substantial risk of harm to the inmate, *see Salahuddin v. Goord*, 467 F.3d 263, 280-81 (2d Cir. 2006), but he or she must consciously disregard that risk, *see Farmer v. Brennan*, 511 U.S. 825, 839 (1994). However, "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Here, Day failed to demonstrate that any of the Defendants was aware of but consciously disregarded a substantial risk to his health. *See Farmer*, 511 U.S. at 839;

3

*Salahuddin*, 467 F.3d at 280-81. The evidence showed that his inguinal hernia was timely diagnosed and properly treated, but that Day refused to undergo the surgery required to repair it. He failed to provide any evidence indicating that his treatment was inadequate, offering only conclusory allegations that were insufficient to withstand summary judgment. *See Davis*, 316 F.3d at 100. Day's complaint is founded upon a disagreement over the proper treatment for his inguinal hernia, which does not give rise to a constitutional claim. *See Chance*, 143 F.3d at 703.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4